UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Sharon Renee Hamm, ) | Civil Action No.: 4:14-cv-03590-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Carolyn W. Colvin, Acting Commissioner ) | |
| of the Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court following the issuance of a Report and Recommendation ("R&R") by United States Magistrate Judge Thomas E. Rogers.[1] Plaintiff, Sharon Renee Hamm, brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commission of Social Security ("the Commissioner") denying Plaintiff's claim for Disability Insurance Benefits ("DIB"). The Magistrate Judge recommended affirming the administrative law judge's decision denying Plaintiff's claim for benefits.

**FACTUAL FINDINGS AND PROCEDURAL HISTORY**

Plaintiff applied for DIB on March 5, 2012, alleging disability as of February 1, 2012. The application was denied initially and on reconsideration. Plaintiff then requested a hearing before an administrative law judge ("ALJ"). A hearing was held before the ALJ on August 20, 2013. Plaintiff, represented by an attorney, appeared and testified. A vocational expert also testified. The ALJ issued a decision on September 17, 2013, finding that Plaintiff was not disabled. The ALJ's findings are as follows:

---

[1] This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2).

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2015.

2. The claimant has not engaged in substantial gainful activity since February 1, 2012, the alleged onset date (20 CFR 404.1571 *et seq*.).

3. The claimant has the following severe impairments: bilateral carpal tunnel syndrome; major depressive disorder; anxiety disorder; and post traumatic stress disorder (PTSD). (20 C.F.R. 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525, 404.1526).

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) with the following additional limitations: frequently to use her bilateral upper extremities for pushing and pulling; never to climb ladders, ropes, and scaffolds; to perform only simple, routine, repetitive tasks; and to have occasional interaction with the public and coworkers.

6. The claimant is capable of performing past relevant work as a warehouseman and a packer/hand packager. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

7. The claimant has not been under a disability, as defined in the Social Security Act, from February 1, 2012, through the date of this decision (20 CFR 404.1520(f)).

[ALJ Decision, ECF #9-2, at 16-21, Tr. 15-20].

The ALJ's finding became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for further review on August 22, 2014. Plaintiff filed this action on September 9, 2014, seeking judicial review of the ALJ's decision. [Compl., ECF #1]. Both Plaintiff and Defendant filed briefs, [ECF ## 14, 16 & 17]. The Magistrate Judge issued his Report and Recommendation ("R&R") on December 23, 2015, recommending that the ALJ's decision be affirmed. [R&R, ECF #20]. Plaintiff filed timely objections to the R&R on January 11, 2016. [Plaintiff's Objections, ECF #22]. Defendant filed a reply to Plaintiff's objections but did not specifically address Plaintiff's arguments.

## STANDARD OF REVIEW

The federal judiciary has a limited role in the administrative scheme established by the Act, which provides the Commissioner's findings "shall be conclusive" if they are "supported by substantial evidence." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

This statutorily mandated standard precludes a de novo review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157, 1157-58 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299, 302 (4th Cir. 1968). The Court must uphold the Commissioner's factual findings "if they are supported by substantial evidence and were reached through application of the correct legal standard." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012); *see also Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972) (stating that even

if the Court disagrees with the Commissioner's decision, the Court must uphold the decision if substantial evidence supports it). This standard of review does not require, however, mechanical acceptance of the Commissioner's findings. *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). The Court "must not abdicate [its] responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner]'s findings, and that [her] conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

## APPLICABLE LAW

Under the Act, Plaintiff's eligibility for the benefits he is seeking hinges on whether he is under a "disability." 42 U.S.C. § 423(a). The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *Id.* § 423(d)(1)(A). The claimant bears the ultimate burden to prove disability. *Preston v. Heckler*, 769 F.2d 988, 991 n.* (4th Cir. 1985). The claimant may establish a prima facie case of disability based solely upon medical evidence by demonstrating that his impairments meet or equal the medical criteria set forth in Appendix 1 of Subpart P of Part 404 of Title 20 of the Code of Federal Regulations. 20 C.F.R. §§ 404.1520(d) & 416.920(d).

If such a showing is not possible, a claimant may also establish a prima facie case of disability by proving he could not perform his customary occupation as the result of physical or mental impairments. *See Taylor v. Weinberger*, 512 F.2d 664, 666-68 (4th Cir. 1975). This approach is premised on the claimant's inability to resolve the question solely on medical considerations, and it is therefore necessary to consider the medical evidence in conjunction with certain vocational factors. 20 C.F.R. §§ 404.1560(a) & § 416.960(a). These factors include the claimant's (1) residual functional capacity, (2) age, (3) education, (4) work experience, and (5) the existence of work "in significant numbers in the national economy" that the individual can perform. *Id.* §§ 404.1560(a), 404.1563, 404.1564, 404.1565, 404.1566, 416.960(a), 416.963, 416.964, 416.965, & 416.966. If an assessment of the claimant's residual functional capacity leads to the conclusion that he can no longer perform his previous work, it then becomes necessary to determine

whether the claimant can perform some other type of work, taking into account remaining vocational factors. *Id.* §§ 404.1560(c)(1) & 416.960(c)(1). Appendix 2 of Subpart P governs the interrelation between these vocational factors. Thus, according to the sequence of evaluation suggested by 20 C.F.R. §§ 404.1520 & 416.920, it must be determined (1) whether the claimant currently has gainful employment, (2) whether he suffers from a severe physical or mental impairment, (3) whether that impairment meets or equals the criteria of Appendix 1, (4) whether, if those criteria are met, the impairment prevents him from returning to previous work, and (5) whether the impairment prevents him from performing some other available work.

## ANALYSIS

In this appeal from the ALJ's decision denying Plaintiff's claim for DIB, Plaintiff raised three issues arguing: 1) the ALJ's finding that Plaintiff could return to her past relevant work is not supported by substantial evidence; 2) the ALJ erred in failing to comply with the requirements of Social Security Rulings 82-62 and 00-4p; and 3) the ALJ did not consider all of Plaintiff's impairments and their combined effect on her ability to sustain gainful activity. The Magistrate Judge found that substantial evidence supported the ALJ's finding that Plaintiff could return to her past relevant work. The Magistrate Judge further found that the ALJ properly applied Social Security Rulings 82-62 and 00-4p and also properly considered the combined effect of Plaintiff's impairments in assessing her RFC. Plaintiff objected to the Magistrate Judge's findings that the ALJ properly complied with Social Security Ruling 82-62. Plaintiff also objected to the Magistrate Judge's finding that the ALJ properly considered and explained the combined effect of all of Plaintiff's impairments, both severe and non-severe.

**Social Security Ruling 82-62**

Plaintiff argues the ALJ failed to comply with SSR 82-62 in that the ALJ failed to make a specific finding of fact concerning the mental demands of Plaintiff's past jobs/occupations. Plaintiff argues that reliance on the vocational expert's recital of the DOT definitions of occupations does not satisfy the legal requirement of SSR 82-62. Plaintiff further argues that without a specific finding of fact regarding the mental demands of Plaintiff's prior jobs regarding interaction with co-workers and supervisors, it is not possible to determine if an individual who has moderate difficulties in social functioning and limited to only occasional interaction with co-workers could perform her past relevant work.

Social Security Ruling 82-62 provides, in part, that, "[i]n finding that an individual has the capacity to perform a past relevant job, the determination or decision must contain among the findings the following specific findings of fact:

1.   A finding of fact as to the individual's RFC.

2.   A finding of fact as to the physical and mental demands of the past job/occupation.

3.   A finding of fact that the individual's RFC would permit a return to his or her past job or occupation."

SSR 82-62. In 2003, the Regulations were amended to provide expressly for reliance on the testimony of a vocational expert in determining whether a claimant is able to perform his past relevant work. *Se*e 68 F.R. 51153, 2003 WL 22001943 (26 Aug. 2003) (adding (b)(2) to 20 C.F.R. § 404.1560). The relevant provision reads:

> We may use the services of vocational experts or vocational
> specialists, or other resources, such as the [DOT] and its
> companion volumes and supplements [e.g., Selected

> Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles ("SOC") ], published by the Department of Labor, to obtain evidence we need to help us determine whether you can do your past relevant work, given your [RFC]. A vocational expert or specialist may offer relevant evidence within his or her expertise or knowledge concerning the physical and mental demands of a claimant's past relevant work, either as the claimant actually performed it or as generally performed in the national economy. Such evidence may be helpful in supplementing or evaluating the accuracy of the claimant's description of his past work. In addition, a vocational expert or specialist may offer expert opinion testimony in response to a hypothetical question about whether a person with the physical and mental limitations imposed by the claimant's medical impairment(s) can meet the demands of the claimant's previous work, either as the claimant actually performed it or as generally performed in the national economy.

20 C.F.R. § 404.1560(b)(2). Thus, an ALJ may properly rely on the testimony of a vocational expert in lieu of himself describing the physical and mental demands of the past job. *See, e.g., Collier v. Astrue*, No. 7:11–CV–68–D, 2012 WL 3095099, at *11 (E.D.N.C.22 June 2012), mem. & recomm. adopted by 2012 WL 3095325 (30 July 2012); *Lybrand v. Astrue*, No. 3:10–2293–JFA–JRM, 2012 WL 762092, at *4 (D.S.C. 8 Feb. 2012), rep. & recomm. adopted by 2012 WL 762088 (7 Mar. 2012).

In this case, the vocational expert testified as to Plaintiff's past relevant work as a warehouseman (DOT #922.687-058) and a packer/hand packager (DOT #920.587-018). The vocational expert testified that the prior occupations were defined in the Dictionary of Occupational Titles as being unskilled medium work. The ALJ asked the vocational expert whether a person of Plaintiff's age, education, past work experience, with a medium residual functional capacity, who can frequently push and pull with both upper extremities but can never climb ladders, ropes, scaffolds, and is also limited to simple, repetitive tasks and only occasional interaction with the

general public and co-workers, could perform either of Plaintiff's past jobs. Tr. 46.  The vocational expert testified that under the ALJ's hypothetical, a person could perform Plaintiff's past relevant work. Tr. 46.  The ALJ found the vocational expert's testimony to be fully credible and adopted his findings. Tr. 20.  Based on the vocational expert's testimony, the ALJ stated "[i]n comparing the claimant's residual functional capacity with the physical and mental demands of this work, the undersigned finds that the claimant is able to perform it as it is actually and generally performed." Tr. 20.

The vocational expert testified that a person with the physical and mental limitations imposed by the Plaintiff's medical impairments could meet the demands of Plaintiff's past relevant work.  Pursuant to 20 C.F.R. § 404.1560(b)(2), the ALJ properly relied on and adopted the vocational expert's testimony thereby satisfying the requirements of SSR 82-62.  To the extent the ALJ erred in failing to specifically discuss the mental demands of Plaintiff's past relevant work, the error was harmless.  Based on the vocational expert's testimony and the ALJ's reliance on that testimony, the Court concludes that the ALJ's determination at step four that Plaintiff could perform past relevant work is supported by substantial evidence.

**Combined Effect of Impairments**

Plaintiff objects to the Magistrate Judge's finding that the ALJ properly considered and explained the combined effect of all of Plaintiff's impairments, both severe and non-severe.  Plaintiff argues the ALJ's decision contains no discussion of how Plaintiff's obesity impacted her ability to mentally function.  Plaintiff further argues the ALJ's decision contains no discussion of the combined effects of Plaintiff's mental impairments on her ability to meet the demands of gainful employment.

Under 20 C.F.R. § 404.1523, the ALJ must consider the combined effect of all impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. *See Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir.1989) ("[I]n evaluating the effect [ ] of various impairments on a disability benefit claimant, the [Commissioner] must consider the combined effect of a claimant's impairments and not fragmentize them."). Under Fourth Circuit precedent, the ALJ has also been instructed to "adequately explain his evaluation of the combined effects of the impairments." *Walker*, 889 F.2d at 50 (citing *Reichenbach v. Heckler*, 808 F.2d 309, 312 (4th Cir.1985)). The adequacy requirement of *Walker* is met if it is clear from the decision as a whole that the Commissioner considered the combined effect of a claimant's impairments. *Brown v. Astrue*, C/A 0:10-cv-1584-RBH, 2012 WL 3716792, at *6 (D.S.C. Aug. 28, 2012).

Here, the decision as a whole indicates that the ALJ properly considered the combined effects of Plaintiff's impairments. When considering the Plaintiff's RFC, the ALJ stated that he had considered all of the Plaintiff's symptoms and specifically accounted for Plaintiff's bilateral carpal tunnel syndrome, non-severe hypertension and obesity, major depressive disorder, anxiety disorder, and post traumatic stress disorder. Tr. 18-20. The ALJ also stated in the boilerplate portions of the decision that she considered Plaintiff's "combination of impairments" and "the entire record." Tr. 16, 18. While the ALJ could have discussed more thoroughly the combined effect of Plaintiff's impairments, such error is harmless where, as here, Plaintiff has failed to show that further consideration would have produced a different result. *See, e.g., Wright v. Astrue*, 2011 WL 5403104, at *7–8 (D.S.C. Oct.18, 2011) (affirming decision where ALJ stated he considered the plaintiff's combination of impairments and discussed each impairment at some point in the decision, and where Plaintiff did not offer any reason to conclude that further consideration would have

produced a different result), report and recommendation adopted, Nov. 8, 2011, 2011 WL 5403070. Plaintiff's objection is overruled.

## CONCLUSION

The Court has thoroughly reviewed the entire record as a whole, the briefs, the Magistrate Judge's R&R, Plaintiff's objections to the R&R, and applicable law. For the foregoing reasons, the Court respectfully overrules Plaintiff's objections and adopts and incorporates herein the Magistrate Judge's R&R as indicated above. The Commissioner's decision is hereby **AFFIRMED**.

**IT IS SO ORDERED**.

February 11, 2016  
Florence, South Carolina

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge